1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## WESTERN DISTRICT OF WASHINGTON

10

### AT SEATTLE

11 _____ )
12 UNITED STATES OF AMERICA, ON ) No. CV-10-758 RSM
BEHALF OF THE NATIONAL OCEANIC )
AND ATMOSPHERIC )
13 ADMINISTRATION AND THE UNITED )
STATES DEPARTMENT OF THE ) CONSENT DECREE
14 INTERIOR; THE STATE OF )
WASHINGTON THROUGH THE )
15 WASHINGTON DEPARTMENT OF )
ECOLOGY; MUCKLESHOOT INDIAN )
16 TRIBE; SUQUAMISH TRIBE, )
17 )
Plaintiffs, )
18 )
v. )
19 )
THE BOEING COMPANY, )
20 )
Defendant. )
21 _____ )
22
23
24
25
26
27
28

CONSENT DECREE

# TABLE OF CONTENTS

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     RECITALS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.    JURISDICTION AND VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IV.     PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

V.      DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VI.     GENERAL PROVISIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

VII.    PROJECT DEVELOPMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

VIII.   ACCESS TO INFORMATION AND PROJECT SITE  . . . . . . . . . . . . 20

IX.     SELECTION OF CONTRACTORS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

X.      REIMBURSEMENT OF RESTORATION IMPLEMENTATION
        COSTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

XI.     PAST COST REIMBURSEMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

XII.    FUND FOR PERMANENT STEWARDSHIP OF PROJECT SITE  . . 25

XIII.   FAILURE TO MAKE TIMELY PAYMENTS  . . . . . . . . . . . . . . . . . . . 26

XIV.    DISPUTE RESOLUTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

XV.     STIPULATED PENALTIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

XVI.    FORCE MAJEURE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

XVII.   INDEMNIFICATION; INSURANCE . . . . . . . . . . . . . . . . . . . . . . . . . . 34

XVIII.  COVENANT NOT TO SUE BY PLAINTIFFS . . . . . . . . . . . . . . . . . . 36

XIX.    RESERVATIONS OF RIGHTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

XX.     COVENANT NOT TO SUE BY DEFENDANT  . . . . . . . . . . . . . . . . . 38

XXI.    EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION . . . . 39

XXII.   RETENTION OF RECORDS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

XXIII.  NOTICES AND SUBMISSIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

XXIV.   EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

XXV.    RETENTION OF JURISDICTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

XXVI.   INTEGRATION/APPENDICES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

XXVII.  MODIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

XXVIII. ENFORCEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

XXIX.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT  . . . . 45

XXX.    TERMINATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

XXXI.   SIGNATORIES/SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

XXXII.  FINAL JUDGMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

## I. INTRODUCTION

The United States of America ("United States"), on behalf of the United States Department of Commerce, acting through the National Oceanic and Atmospheric Administration ("NOAA"), and the United States Department of the Interior; the State of Washington (the "State") through the Washington State Department of Ecology; the Suquamish Tribe; and the Muckleshoot Indian Tribe (collectively, "Plaintiffs"), have filed a complaint in this case against defendant The Boeing Company ("Defendant" or "Boeing") pursuant to Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended ("CERCLA"), 42 U S .C § 9607; the Model Toxics Control Act ("MTCA"), chapter 70.105D RCW; Section 311 of the Clean Water Act ("CWA"), 33 U.S.C. § 1321; and Section 1002(b)(2)(A) of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2702(b)(2)(A) for Covered Natural Resource Damages (as defined below).  This Consent Decree (the "Decree") addresses the claims asserted in the Complaint against the Defendant.

## II. RECITALS

A.      The United States Department of Commerce, acting through NOAA; the United States Department of the Interior; the Washington Department of Ecology on behalf of the State of Washington; the Suquamish Tribe, and the Muckleshoot Indian Tribe (collectively, "the Trustees" and, individually, a "Trustee"), under the authority of Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), Section 1006(b) of OPA, 33 U.S.C. § 2706(b), 40 C.F.R. Part 300, subpart G, and RCW 70.105D.040(2), serve as trustees for natural resources for the assessment and recovery of damages for injury to, destruction of, or loss of natural resources under their trusteeship.

B.      Investigations conducted by the Trustees and others have detected hazardous substances in the sediments, soils and groundwater of the Lower

CONSENT DECREE                          -1-

Duwamish Waterway, including but not limited to arsenic, antimony, cadmium, chromium, copper, mercury, nickel, lead, zinc, bis(2 ethylhexyl) phthalate, hexachlorobenzene, hexachorobutadiene, polychlorinated biphenyls (PCBs), and polycyclic aromatic hydrocarbons (PAHs).  Overall, the Trustees have documented the presence of over 30 hazardous substances in the marine sediments of the Lower Duwamish Waterway.

C.     The Trustees began assessing damages to natural resources in the Lower Duwamish Waterway in 1990 by finding that hazardous substances had been released into the Lower Duwamish Waterway; that natural resources had likely been injured by the releases; that data sufficient to pursue a natural resource damage assessment were available or could likely be obtained at a reasonable cost; and that, without further action, future response activities would not adequately remedy the resource injuries.  *See, e.g.,* NOAA, Lower Duwamish Waterway Sediment Characterization Study Report (Dec. 10, 1998).  Based on these findings, the Plaintiffs concluded that no further natural resource damage assessment is required to effectuate the purposes of this Consent Decree, with respect to Defendant.

D.     Plaintiffs have filed a complaint (the "Complaint") pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607; MTCA, chapter 70.105D RCW; CWA, 33 U.S.C. § 1251 et seq.; and OPA, 33 U.S.C. § 2701 et seq., seeking recovery from Defendant of damages for injury to, destruction of, and loss of natural resources resulting from releases of hazardous substances into the Lower Duwamish Waterway, including the costs of assessing the damages.

E.     Plaintiffs allege in the Complaint that Defendant owns or in the past owned and/or operated real property or facilities on, adjacent to, or near the Lower Duwamish Waterway.  Plaintiffs further allege that from each of such sites identified below by tax parcel number, storm water, surface water runoff,

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

1   wastewater, other process discharges, and/or groundwater have flowed to the

2   Lower Duwamish Waterway.  Plaintiffs also allege that investigations have

3   detected hazardous substances in soils, groundwater or sediments on or in those

4   properties or facilities.  Some of these hazardous substances are found in the

5   sediments of the Lower Duwamish Waterway.

6        F.     Plaintiffs further allege that hazardous substances have been or are

7   being released to the Lower Duwamish Waterway from properties or facilities

8   owned and/or operated by Defendant through direct discharge, surface water

9   runoff, groundwater and/or seeps, and that those hazardous substances have

10   caused injury to, destruction of and loss of natural resources in the Lower

11   Duwamish Waterway under Plaintiffs' trusteeship, including fish, shellfish,

12   invertebrates, birds, marine sediments, and resources of cultural significance.

13   Plaintiffs further allege that each of them and the public have suffered the loss of

14   natural resource services (including ecological services as well as direct and

15   passive human use losses) as a consequence of those injuries.

16        G.     Plaintiffs allege that the Defendant is (a) the owner and/or operator

17   of one or more facilities; (b) a person who at the time of disposal or release of

18   any hazardous substance owned or operated any facility at which such hazardous

19   substances were disposed of; (c) a person who by contract, agreement, or

20   otherwise arranged for disposal or treatment, or arranged with a transporter for

21   transport for disposal or treatment, of hazardous substances owned or possessed

22   by such person, by any other party or entity, or otherwise generated any

23   hazardous substance disposed of or treated at any facility or incineration vessel

24   owned or operated by another party or entity and containing such hazardous

25   substances; and/or (d) a person who accepts or accepted any hazardous

26   substances for transport to disposal or treatment facilities, incineration vessels or

27   sites selected by such person from which there is a release or a threatened release

28

CONSENT DECREE         -3-

of a hazardous substance that causes the incurrence of response costs within the meaning of 42 U.S.C. § 9607 and RCW 70.105D.040.

H.     Defendant denies all or portions of the allegations of the Complaint, and all or portions of the allegations contained in Paragraphs E, F, and G, of this Section.

I.     Although the Trustees have initiated but not yet completed a natural resource damage assessment for the Lower Duwamish Waterway, the Trustees have developed and analyzed information sufficient to support a settlement that is fair, reasonable and in the public interest.

J.     In settlement of this action, Defendant has agreed, in lieu of and as equivalent to monetary damages, to implement the habitat restoration project described in Appendix A ("Boeing Habitat Project" or the "Project").  Defendant has also agreed to provide funds to support project implementation costs expended by the Trustees, to fund the permanent stewardship of the Project Site, and to reimburse natural resource damage assessment costs incurred by the Trustees.

K.     The Project described in Appendix A is to be developed in three phases.  The first phase is the design and initial construction of the project.  The second phase is a ten year period following completion of project construction during which Defendant is responsible for developing and monitoring vegetation and habitat at the project site.  During this ten-year period, the Defendant may be required to take a number of active steps to achieve the vegetation and habitat success criteria for the Project that are presented in Appendix A.  The third phase is an additional twenty-year period during which Defendant is responsible for maintaining the vegetation and habitat developed during the second phase.  During and after all three phases of the Project, Defendant will take the measures

CONSENT DECREE                        -4-

needed to ensure that the Project Site remains available for, and dedicated to the use of, the Project.

L.      The Trustees have determined that the timely actions and payment of certain costs to be undertaken by Defendant under this Consent Decree are appropriate and necessary to protect and restore the natural resources allegedly injured as a result of alleged actions or omissions of Defendant that are addressed herein, and that such timely actions and expenditures are adequate to redress Defendant's responsibility for the Covered Natural Resource Damages that are the subject of this proceeding.

M.      Defendant does not admit any liability to Plaintiffs arising out of the transactions or occurrences alleged in the Complaint and the matters alleged in this Consent Decree.

N.      Plaintiffs and Defendant (collectively, the "Parties" and, individually, a "Party") agree that this Decree addresses the resolution of Plaintiffs' claims for Covered Natural Resource Damages as defined below, and that neither Plaintiffs nor Defendant will use this settlement (including the terms of this Decree and the basis for the compromise contained in other documents filed in this action in support of this Decree) in any other forum, whether in litigation, administrative proceedings, formal or informal negotiations, or otherwise, to resolve, attempt to resolve, or in any way influence the resolution of, other claims between Plaintiffs and Defendant in the Lower Duwamish Waterway (as defined below); provided, however, that this provision does not limit Plaintiffs or Defendant from using otherwise-available factual information referenced in documents filed in support of this Decree.  The restriction in the preceding sentence applies to, but is not limited to, claims that the United States (on behalf of the United States Environmental Protection Agency) and the State may have against Defendant under CERCLA, the Solid Waste Disposal Act (as

CONSENT DECREE                          -5-

amended by the Resource Conservation and Recovery Act), 42 U.S.C. §§ 6901 et seq., or MTCA in the Lower Duwamish Waterway (as defined below).

O.    Plaintiffs and Defendant agree that if Defendant wishes to raise any concerns with EPA regarding the effect of DSOA Work (as defined below) on the Project to be constructed by Defendant pursuant to this Consent Decree, Defendant will raise those concerns solely with the EPA Region that issued the DSOA Order (as defined below); provided, however, that this provision does not authorize any disputes under this Decree to be resolved under the dispute resolution provisions of the DSOA Order.

P.    Plaintiffs and Defendant agree, and this Court by entering this Decree finds, that this Decree has been negotiated by the Parties in good faith; that settlement of this matter will avoid prolonged and complicated litigation between the Parties; and that this Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby Ordered, Adjudged and Decreed:

### III. JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345 and l367, 42 U.S.C. § 9613(b), and 33 U.S.C. § 2717(b).  The Court has personal jurisdiction over the Parties.  Solely for the purposes of this Decree and the underlying Complaint, the Parties waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District.  The Parties may not challenge the terms of this Decree or this Court's jurisdiction to enter and enforce this Decree.

### IV. PARTIES BOUND

2.    This Decree is binding upon the United States, the State, the Suquamish Tribe, the Muckleshoot Indian Tribe, and the Defendant and its heirs, successors and assigns.  Any change in ownership or corporate or other legal

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

1    status, including but not limited to any transfer of assets or real or personal

2    property, will in no way alter the status or responsibilities of the Defendant under

3    this Decree.

4         3.    Defendant shall provide a copy of this Consent Decree to each

5    contractor hired by Defendant to perform any of the work required by this

6    Consent Decree, and to each person representing Defendant with respect to any

7    such work, and shall condition all future contracts entered into by Defendant

8    hereunder upon performance of the work in conformity with the terms of this

9    Consent Decree.  Defendant or its contractors shall provide written notice of the

10   Consent Decree to all subcontractors hired by Defendant's contractors to perform

11   any portion of the work.  Defendant shall nonetheless be responsible for ensuring

12   that all work performed by its contractors and subcontractors is performed in

13   accordance with this Consent Decree.

14                              V.  DEFINITIONS

15        4.    Unless otherwise expressly provided, terms used in this Decree that

16   are defined in CERCLA or in regulations promulgated under CERCLA have the

17   meanings assigned to them in CERCLA or in such regulations. Whenever the

18   terms listed below are used in this Decree or in any attached appendix, the

19   following definitions will apply:

20             a.    "CERCLA" means the Comprehensive Environmental

21   Response, Compensation, and Liability Act of 1980, as amended, 42 U S C. §

22   9601, *et seq.*

23             b.    "Consent Decree" or "Decree" means this Consent Decree and

24   all attached appendices.  In the event of a conflict between this Consent Decree

25   and any Appendix, the Consent Decree will control.

26             c.    "Covered Natural Resource Damages" means damages,

27   including costs of damage assessment, recoverable under Section 107 of

28

CONSENT DECREE                    -7-

CERCLA, 42 U.S.C. § 9607; Chapter 70.105D RCW; Section 311 of the Clean Water Act ("CWA"), 33 U.S.C. § 1321; and Section 1002 of the Oil Pollution Act of 1990 ("OPA"), 33 U S.C. § 2702(b), for injury to, destruction of, or loss of natural resources resulting from releases of hazardous substances or discharges of oil to the Lower Duwamish Waterway and/or Elliott Bay, where such release or discharge occurred on or before the effective date of this Consent Decree, at the following locations: Boeing Developmental Center (tax parcels 0003400018, 0003400026, 0003400028, 0003400048, 0423049016, 0423049047, 0423049183, 5624200990, 5624200992, 5624201032, 5624201036, 5624201038); Museum of Flight (tax parcel 5624201034); Boeing Thompson Site (tax parcel 0007400033); Isaacson Site (tax parcel 0001600014); South Park Site (tax parcels 7883608601, 7883608603); Boeing Plant 2 (tax parcels 0001600020, 0022000005, 0022000165, 0022000195, 2185000005, 2824049009, 2924049056, 2924049098, 2924049112, 3324049002); and Boeing Field (tax parcels 2924049066, 2924049106).  Damages, injury to, destruction of, or loss of natural resources resulting from releases of hazardous substances originating from Defendant's operations or activities outside of the tax parcels identified in this sub-paragraph are not included in Covered Natural Resource Damages, even if those hazardous substances reach the Lower Duwamish Waterway by flowing over, under, or through one or more of the tax parcels identified in this sub-paragraph.

d.     "Day" means a calendar day. In computing any period of time under this Consent Decree, where the last day falls on a Saturday, Sunday, or federal holiday, the period of time will run until the close of business of the next working day.  "Working day" means a day other than a Saturday, Sunday, or Federal holiday.

e.     "Defendant" means The Boeing Company.

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

1    f. "DSOA Order" means the Resource Conservation and

2 Recovery Act Administrative Order on Consent agreed upon by the Defendant

3 and the U.S. Environmental Protection Agency, EPA Docket No. 1092-01-22-

4 3008(h).

5    g. "DSOA Work" means the corrective measures being

6 developed and implemented by Defendant to address the contamination in the

7 Plant 2 Duwamish Sediments Other Area ("DSOA") pursuant to the DSOA

8 Order.

9    h. "Elliott  Bay" means any portion of Elliott Bay  (including the

10 shoreline, intertidal areas, tributaries, estuaries and bottom sediments) in the State

11 of Washington where hazardous substances originating from the parcels identified

12 in the definition of Covered Natural Resource Damages have come to be located.

13    i. "Lower Duwamish Waterway" means any portion of the

14 Duwamish Waterway (including the shoreline, intertidal areas, tributaries,

15 estuaries and bottom sediments) in the State of Washington where hazardous

16 substances originating from the parcels identified in the definition of Covered

17 Natural Resource Damages have come to be located.

18    j. "Lower Duwamish Waterway Stewardship Account" means

19 the account to be authorized for receipt of funds to be paid by the Defendant for

20 the Trustees' permanent stewardship of the Project Site.

21    k. "MTCA" means the Model Toxics Control Act, Chapter

22 70.105D RCW.

23    l. "Natural Resources" means that definition as provided in 42

24 U.S.C. § 9601(16).

25    m. "Parties" means the United States, the State of Washington,

26 the Suquamish Tribe, the Muckleshoot Indian Tribe, and Defendant.

27    n. "Plaintiffs" means the United States, the State, the Suquamish

28

CONSENT DECREE   -9-

Tribe, and the Muckleshoot Indian Tribe.

o.    "Project" means all of the work and other commitments as described in Appendix A.

p.    "Project Site" means the areas outlined in Appendix A.

q.    "Trustees" mean the United States Department of Commerce, acting through NOAA; the United States Department of the Interior; the Washington State Department of Ecology, on behalf of the State of Washington; the Suquamish Tribe; and the Muckleshoot Indian Tribe.

## VI. GENERAL PROVISIONS

5.    The Complaint states claims upon which relief may be granted.

6.    Nothing in this Consent Decree shall be construed as an admission of liability by Defendant for any claims or allegations made in the Complaint or in this Consent Decree.

7.    This Consent Decree shall not be used as evidence of Defendant's alleged liability in any action or proceeding other than an action or proceeding to enforce the terms of this Consent Decree.

8.    All activities undertaken by Defendant pursuant to this Consent Decree shall be performed in accordance with the requirements of all applicable laws and permits.

9.    Defendant shall ensure that all work performed under this Consent Decree shall be conducted as set forth in Appendix A attached hereto.  If the Trustees determine that Defendant is not complying with the requirements set forth in the Decree and Appendix A, the Trustees shall provide prompt written notice to Defendant specifying the basis for their determination of noncompliance.  Defendant may correct the noncompliance or invoke the dispute resolution procedures set forth in Section XIV below.  The Trustees may require Defendant to take actions, to alter, suspend or cease ongoing activities, and to

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

1   alter, postpone or refrain from taking proposed actions, as are necessary to ensure

2   compliance with the terms of this Consent Decree and any plans or proposals

3   adopted hereunder.  If Defendant disputes any such requirements imposed by the

4   Trustees, the Defendant may invoke the dispute resolution procedures set forth in

5   Section XIV below.

6         10.     This Consent Decree is not, and shall not be construed to be, a

7   permit issued pursuant to any law.

8         11.     Where any portion of the activities undertaken pursuant to this

9   Consent Decree requires a federal, state or local permit or approval, Defendant

10  shall submit timely and complete applications and take all other actions necessary

11  to obtain such permits or approvals.  The Defendant may seek relief under the

12  provisions of Section XVI (Force Majeure) of this Consent Decree for any delay

13  in the performance of the Project resulting from a failure to obtain, or a delay in

14  obtaining, any permit required for the Project.

15        12.     The Plaintiffs do not, by their consent to the entry of this Consent

16  Decree, warrant or aver in any manner that Defendant's compliance with this

17  Consent Decree will result in compliance with CERCLA or any other law.

18  Compliance with this Consent Decree does not diminish or affect Defendant's

19  responsibility to comply with any applicable federal, state or local law or

20  regulation.  The Parties agree that Defendant is responsible for achieving and

21  maintaining complete compliance with all applicable federal, state and local laws,

22  regulations and permits.

23  ## VII. PROJECT DEVELOPMENT

24        13.     Defendant shall finance and construct the Project and shall perform

25  any additional activities in accordance with the terms set out in Appendix A.

26

27

28

CONSENT DECREE          -11-

1  Initial Design and Construction Activities

2      14.    Construction Schedule and Contingencies.

3          a.    After completion of necessary design work as described in

4  Appendix A, and after EPA's and the Trustees' approval in writing of such final

5  design work, Defendant shall commence construction on the Project within ninety

6  (90) days (subject to the in-water construction work windows) of receiving

7  written authorization from the Trustees.  The Trustees' written authorization will

8  be provided after: (1) the Trustees verify that the United States Environmental

9  Protection Agency (EPA) has reviewed and approved Defendant's work plan as

10  appropriate and consistent with Defendant's DSOA Work as defined in Paragraph

11  4(g) and Defendant's work as one of the Respondents to EPA's LDW SF Site

12  remedial investigation/feasibility study (RI/FS) Order, Docket No. CERCLA-10-

13  2001-0055, and any response action decisions for the LDW SF Site that EPA may

14  have made, or may or expects to make, that may affect the Project; and (2) other

15  reviews and determinations by the Trustees, including but not limited to those

16  identified in the Scope of Work in Appendix A.

17          b.    If Defendant has not completed construction of the Project

18  prior to December 31, 2014, then Defendant shall either (i) pay to the Trustees the

19  sum of $250,000 as compensation for the additional delay in restoration of natural

20  resources, or (ii) perform additional restoration work outside of the Project Site

21  agreed upon in writing by Defendant and the Trustees.  For each subsequent year

22  in which Defendant has not completed construction of the Project prior to

23  December 31, Defendant shall either (i) pay to the Trustees the sum of $250,000

24  as compensation for the additional delay in restoration of natural resources, or (ii)

25  perform additional restoration work outside of the Project Site agreed upon in

26  writing by Defendant and the Trustees.  Defendant's obligations under this

27

28

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

subparagraph are in addition to any other obligations or applicable penalties under this Decree and are not subject to the provisions of Section XVI (Force Majeure).

c.     If Defendant has not received from the Trustees written authorization to commence construction pursuant to Paragraph 14(a) by December 31, 2017, then the following contingency measures become applicable:

(i)     The Trustees may request in writing that Defendant finance and construct a project or projects other than the Project described in Appendix A, but which in the opinion of the Trustees is equivalent with respect to ecological function, size, configuration and location as the Project.  If Defendant and Trustees are able to reach an agreement, the Parties may amend this Consent Decree to substitute a new project or projects for the Project described in Appendix A.

(ii)     If the Trustees request a substitute project or projects under the terms of Paragraph 14(c)(i), and the Trustees and Defendant are unable to agree upon a substitute project or project, then the Trustees or Defendant may send written notice that a final impasse among the parties has been reached.  In that event, this Consent Decree (including but not limited to the provisions of Section XVIII (Plaintiffs' Covenant Not To Sue), Section XX (Defendant's Covenant Not To Sue), and Section XXI (Effect Of Settlement; Contribution Protection)) shall become null and void, and Defendant shall have no further obligations to the Trustees under this Consent Decree; except, however, that in this event, the provisions of Paragraph 14(c)(iii) shall then become applicable and shall be the only provisions of this Consent Decree that remain in effect.

(iii)     In the event that a final impasse is reached under the provisions of Paragraph 14(c)(ii), the provisions in this Paragraph 14(c)(iii) shall become applicable and shall survive the termination of the Consent Decree.   The Trustees shall have no obligation to refund any monies that have been paid or

CONSENT DECREE                          -13-

expended by Defendant pursuant to this Decree (including but not limited to monies paid pursuant to Section VII (Project Development), Section X (Reimbursement of Restoration Implementation Costs), Section XI (Reimbursement of Past Costs), and Section XV (Stipulated Penalties)), nor shall Defendant have any right to request or receive any refunds or reimbursements of any such monies.  In consideration for monies paid by Defendant pursuant to this Consent Decree that are not refunded, Plaintiffs covenant not to seek, in any future proceeding against Defendant for natural resource damages in the Lower Duwamish Waterway or Elliott Bay, natural resource damage assessment costs or other costs incurred on or before the last Billing Date that have been paid by Defendant pursuant to Paragraph 30 (Reimbursement of Restoration Implementation Costs).

(iv)    The provisions of Paragraph 14(c) are not subject to the provisions of Section XIV (Dispute Resolution) of the Consent Decree.

15.    Within 60 days after completion of construction of the Project, Defendant shall submit a written Notice of Completion to the Trustees.  The Trustees shall review the course and results of the development of the Project to determine whether the Project has been completed in accordance with Appendix A.  Within 60 days after receiving the Notice of Completion, the Trustees shall submit to Defendant either (a) a written notice identifying specific deficiencies the Trustees determine must be satisfied for the Project to be completed in accordance with Appendix A (Notice of Deficiencies); or (b) a written notice of the Trustees' determination that the Project has been so completed (Notice of Approval of Completion).  The date of the Trustees' Notice of Approval of Completion shall constitute the "Construction Completion Date."  Following receipt of a Notice of Deficiencies, Defendant shall correct the identified deficiencies and complete the Project in accordance with Appendix A, and submit

CONSENT DECREE                    -14-

to the Trustees an amended Notice of Completion for review and response in accordance with this Paragraph. Any delay in completing Project construction as a result of the operation of this Paragraph shall not in and of itself constitute grounds for relief from the requirement to pay stipulated penalties under Section XV for compliance delays.

16.     In order to ensure permanent preservation of the Project Site and its associated ecological values, within sixty (60) days of the Construction Completion Date, Defendant will record, enter into agreements, or otherwise take appropriate actions with respect to the Project Site, including its property and property owned by the Port of Seattle, to effectuate the provisions set forth in Appendix B.

Development and Monitoring of Vegetation and Habitat

17.     Defendant shall develop and monitor vegetation and habitat for a period of ten years from the Construction Completion Date, as more fully described in Appendix A. Upon completion of the ten-year period, Defendant shall provide written Notice of Completion of Vegetation and Habitat Development And Monitoring Obligations to Trustees in accordance with Section XXIII (Notices and Submissions). Within 45 days after receiving the Notice of Completion of Vegetation and Habitat Development And Monitoring Obligations, the Trustees shall submit to Defendant either (a) a written notice identifying specific deficiencies the Trustees determine must be satisfied for the vegetation and habitat development and monitoring obligations to be completed in accordance with Appendix A (Notice of Deficiencies); or (b) a written notice of the Trustees' determination that the vegetation and habitat development and monitoring obligations are completed (Approval of Completion of Vegetation and Habitat Development And Monitoring Obligations). The date of the Trustees' Approval of Completion of Vegetation and Habitat Development And Monitoring

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

Obligations shall constitute the "Vegetation and Habitat Development and Monitoring Completion Date."

Continued Maintenance of Developed Vegetation and Habitat

18.     Defendant shall be responsible for maintaining vegetation and other habitat attributes, for controlling invasive vegetation and debris removal, and for undertaking corrective actions for any perturbation that affects the ecological integrity of the Project.  The Parties' intention is that the ecological functions provided by the habitat projects be maintained in perpetuity.  For purposes of this Decree, Boeing's responsibility for active maintenance and corrective action shall extend thirty (30) years from the Construction Completion Date, or sooner if a "force majeure" event makes further maintenance impossible.  Perturbations include events with a foreseeable probability of occurrence (such as, for example, the beaching of an abandoned barge) but do not include "force majeure" events. After the Construction Completion Date, Defendant shall not be responsible for repairs or corrective actions to the Project required due to any "force majeure" events.

19.     Defendant shall provide for continued maintenance and corrective actions in accordance with Paragraph 18, whether Defendant owns the Project Site or transfers ownership of the Project Site.  The Trustees recognize that the Project Site may include property that is owned by other parties including, but not limited to, the Port of Seattle.  Defendant recognizes that it is solely responsible for securing the cooperation of other property owners, including but not limited to the Port of Seattle, in order to successfully complete and maintain the project in accordance with Appendix A.  Any failure by Defendant to successfully complete or maintain the project in accordance with Appendix A resulting from disputes with other property owners, including but not limited to the Port of Seattle, shall not constitute a "force majeure" event.

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

Transfer of Project Site for Permanent Stewardship

20.     Within sixty (60) days of the Construction Completion Date, Defendant shall ensure, both with respect to the portion of property it owns within the Project Site and with respect to the portion of the Project Site owned by the Port of Seattle, that the property will not be used in a manner inconsistent with the requirements of this Consent Decree.  In Defendant's sole discretion, it may elect to transfer ownership of the portion of the Project Site it owns to an entity to be identified by the Plaintiffs.  If transfer of ownership of Defendant's property occurs prior to the expiration of Defendant's obligations in Paragraph 18, such transfer shall not affect or lessen Defendant's obligations under that Paragraph, and the entity to which any property is transferred shall provide Defendant with all access necessary to fulfill Defendant's responsibilities under Paragraph 18.

General Project Development Provisions

21.     Defendant shall avoid taking any action that is inconsistent with this Consent Decree and that would adversely affect the Project.

22.     Defendant shall undertake all activities required to address cultural resource issues associated with the Project, including, as applicable, consultation with tribes and the Washington State Department of Archaeology and Historic Preservation, conducting a background and project review by an archaeologist who meets the Department of Interior's professional qualification standards at 36 C.F.R. Part 61, conducting cultural resource surveys or monitoring activities.

23.     If Defendant determines that the Project will become cost-prohibitive or if there is some other significant problem that will prevent the Project from being constructed as designed, other than delay in obtaining EPA approval as set forth in Paragraph 14(a), then the following contingency measures become applicable:

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

a.      Defendant may propose a project or projects other than the Project described in Appendix A, but which is equivalent with respect to ecological function, size, configuration and location as the Project.  Such substitute project shall be subject to approval and acceptance by the Trustees.  If Defendant and Trustees are able to reach an agreement, the Parties may amend this Consent Decree to substitute a new project or projects for the Project described in Appendix A.

b.      If Defendant requests a substitute project or projects under the terms of Paragraph 23(a) and the Trustees and Defendant are unable to agree upon a substitute project or project, then the Trustees or Defendant may send written notice that a final impasse among the parties has been reached.  In that event, this Consent Decree (including but not limited to the provisions of Section XVIII (Plaintiffs' Covenant Not To Sue), Section XX (Defendant's Covenant Not To Sue), and Section XXI (Effect Of Settlement; Contribution Protection)) shall become null and void, and Defendant shall have no further obligations to the Trustees under this Consent Decree; except, however, that in this event, the provisions of Paragraph 23(c) shall then become applicable and shall be the only provisions of this Consent Decree that remain in effect.

c.      In the event that a final impasse is reached under the provisions of Paragraph 23(b), the provisions in this Paragraph 23(c) shall become applicable and shall survive the termination of the Consent Decree.   The Trustees shall have no obligation to refund any monies that have been paid or expended by Defendant pursuant to this Decree (including but not limited to monies paid pursuant to Section VII (Project Development), Section X (Reimbursement of Restoration Implementation Costs), Section XI (Reimbursement of Past Costs), and Section XV (Stipulated Penalties)), nor shall Defendant have any right to request or receive any refunds or reimbursements of

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

1   any such monies.  In consideration for monies paid by Defendant pursuant to this

2   Consent Decree that are not refunded, Plaintiffs covenant not to seek, in any

3   future proceeding against Defendant for natural resource damages in the Lower

4   Duwamish Waterway or Elliott Bay, natural resource damage assessment costs or

5   other costs incurred on or before the last Billing Date that have been paid by

6   Defendant pursuant to Paragraph 30 (Reimbursement of Restoration

7   Implementation Costs) or Paragraph 31 (Past Cost Reimbursement).

8          d.    A determination by Defendant under the terms of Paragraph

9   23 that the Project has become cost-prohibitive or that there is some other

10  significant problem that will prevent the Project as described in Appendix A from

11  being constructed is subject to the provisions of Section XIV (Dispute

12  Resolution).  The provisions of Paragraphs 23(b) and 23(c) regarding an impasse

13  between the Defendant and Trustees on a substitute project or projects and

14  regarding monies paid or expended by Defendant shall not be subject to the

15  provisions of Section XIV (Dispute Resolution).

16      24.    The Trustees reserve the right to conduct additional work

17  themselves, at their own expense, on the Project Site.  If such work is conducted

18  prior to completion of initial construction by Defendant, the Trustees will conduct

19  any such work in a manner that does not hinder Defendant's timely completion of

20  the Project.  Prior to performing additional work pursuant to this Consent Decree,

21  the Trustees shall prepare and provide to Boeing a Health and Safety Plan.  In no

22  event shall the Trustees perform any additional work that will interfere with

23  Defendant's obligations under this Consent Decree or the construction,

24  maintenance, operation, or monitoring of the Project or that otherwise affects the

25  performance criteria of this Consent Decree.

26            VIII. ACCESS TO INFORMATION AND PROJECT SITE

27

28

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

25.     To facilitate their oversight responsibilities, the Trustees shall have full access to the Project Site for purposes of inspecting or observing Defendant's progress in implementing the Project required under this Consent Decree.

26.     Commencing upon the date of lodging of this Consent Decree, Defendant agrees to provide the Trustees and their contractors access at all reasonable times to the Project Site and to any property under the control of Defendant to which access is required for the oversight or implementation of this Consent Decree.  This right of access does not include a right to enter Defendant's buildings.  Where the property to which access is sought is not otherwise open to public access, the Trustees shall give notice prior to access. Each Trustee shall have the authority to enter freely and move about such property at all reasonable times for the purposes of overseeing the requirements of this Consent Decree, including, but not limited to:

a.     Monitoring and assessing progress on the planning, development, maintenance and monitoring of the Projects;

b.     Verifying any data or information submitted to the Trustees;

c     Inspecting and copying records, operation logs, contracts or other documents maintained or generated by Defendant or its contractors hereafter retained to perform work undertaken pursuant to this Consent Decree;

d.     Conducting such tests, investigations or sample collections as deemed necessary to monitor compliance with this Consent Decree, investigate or assess contamination at or near the Project Site, or to assist in further identifying and quantifying natural resource injuries requiring restoration actions and in planning and carrying out further restoration actions.

27.     Plaintiffs may direct that Defendant use, in a manner consistent with Defendant's policy on the control of photographic devices, a camera, sound recording device or other type equipment to record the work done under this

CONSENT DECREE                    -20-

Consent Decree or injury to natural resources and provide copies of any such recordings to the Trustees.  Defendant may retain a copy of any such photographs or video recordings.  Trustees may also use their own camera, sound recording device, or other type equipment to record the work done under this Consent Decree or injury to natural resources.  However, unless Defendant consents, during any visit to the Project Site the Trustees may not photograph or otherwise record the interiors of Defendant's buildings or any of Defendant's equipment, vehicles, machinery, or other devices that have or may have commercial or defense-related sensitivity.

28.     Defendant shall have the right to accompany any Trustee or its representative on the property for purposes of security at the Project Site, and Trustees and their representatives shall comply with applicable health and safety precautions and security-related laws.  If any Trustee or its representative seeks to perform duties at the Project Site in a manner that is not in compliance with any written Project Site health and safety requirement, plan, or rule, or any applicable federal or state law or promulgated regulation, Defendant may verbally notify such Trustee or representative of the non-compliance and may further notify such Trustee of such non-compliance in writing.  Defendant shall not be obligated, pursuant to Section XVII of this Decree, to indemnify anyone for any claims, damages, or injuries caused by a Trustee's failure to comply with the applicable health and/or safety requirement, rule, plan, law or regulation, where verbal or written notice of such noncompliance was provided by Defendant prior to the performance of actions which caused the claims, damages, or injuries.  Defendant further shall have the right (a) to copies of results of all tests or investigations conducted by the Trustees pursuant to this Decree; and (b) to split samples taken by the Trustees pursuant to this Decree.  No claim of confidentiality shall be made with respect to any data, including, but not limited to, all sampling,

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

1   analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or

2   any other documents or information evidencing conditions at or around the

3   Project Site.

4                      IX. SELECTION OF CONTRACTORS

5        29.    The selection of any contractor hereafter retained by Defendant to

6   perform any of the work required under this Consent Decree shall be subject to

7   Trustee approval.  Defendant shall notify the Trustees in writing of the name, title

8   and qualifications of any contractor Defendant proposes to retain, and of any

9   proposed changes in the selection of a contractor.  The Trustees will notify

10   Defendant in writing of the approval or disapproval of a proposed contractor.

11   The Trustees' assent to the proposed selection or change of a contractor may be

12   presumed unless the Trustees notify Defendant in writing of their objection to the

13   proposed selection or change within 30 days of Defendant's written selection

14   notice.

15       X. REIMBURSEMENT OF RESTORATION IMPLEMENTATION COSTS

16        30.    Defendant agrees to reimburse the Trustees' reasonable costs

17   incurred in implementing and overseeing the Project described in Appendix A to

18   this Consent Decree.  The period during which the Trustees will incur

19   implementation costs begins on June 1, 2009 and ends on the ending date of

20   Defendant's responsibility for active maintenance and corrective action, as set

21   forth in Paragraph 18.  Defendant shall reimburse these costs as follows:

22        a.    Each year, beginning in 2010, the Trustees shall provide

23   Defendant with an invoice detailing their reasonable costs of implementing and

24   overseeing the Project between June 1 of the prior calendar year and May 31 of

25   the current calendar year.  Within sixty (60) days of receipt of the Trustees'

26   invoice, Defendant shall reimburse the Trustees for those costs.  If Defendant

27   believes that any of the Trustees' invoiced costs are not reasonable, Defendant

28

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

may invoke the Dispute Resolution provisions of Section XIV as to the disputed

costs only; any costs for which Defendant does not invoke Dispute Resolution

shall be paid within sixty (60) days of receipt of the Trustees' invoice.

　　　　　b.　　At any time after receipt by Defendant of authorization by the

Trustees to begin construction of the project pursuant to Paragraph 14(a), the

Trustees and Defendant will seek to negotiate a lump-sum payment by Defendant

to the Trustees for the remainder of the Trustees' anticipated implementation

costs.  If Defendant and the Trustees reach agreement on a lump-sum payment,

then Defendant's obligations to make annual payments of the Trustees reasonable

implementation and oversight costs pursuant to Paragraph 30(a) shall be fully and

finally satisfied upon receipt by the Trustees of Defendant's lump-sum payment.

Such a lump-sum payment shall be made as follows:  The Trustees shall petition

the Court to establish the Lower Duwamish Waterway Implementation Account

for use as the Trustees shall determine, in accordance with the terms of this

Consent Decree and other applicable law, to fund the Trustees' implementation

and oversight of the Project.  Payment shall be deposited with the Registry of the

Court by EFT if the Registry of the Court accepts payment in that form, and if

not, by certified check, bearing the notation "The Boeing Company –

Implementation Account" and the civil action number assigned to this Consent

Decree, made payable and addressed as follows:

Payee:　　　　　　　　Clerk of the Court
Address:　　　　　　　Clerk, U.S. District CourtU.S. Courthouse
　　　　　　　　　　　700 Stewart Street
　　　　　　　　　　　Seattle, WA 98101
Memo:　　　　　　　　For Deposit into the Lower Duwamish Waterway
Implementation Account: [INSERT THIS CASE DOCKET NUMBER]

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

## XI. PAST COST REIMBURSEMENT

31.    Within forty-five (45) days of entry of this Decree, Defendant will pay to the Trustees sums totaling one million nine hundred forty-three thousand one hundred eighty-four dollars and eighty-six cents ($1,943,184.86) in damage assessment costs through May 31, 2009.  These sums shall be paid in the following amounts and particulars:

Trustee:    National Oceanic and Atmospheric Administration
Amount:    One million six hundred eighty-three thousand two hundred thirty-nine dollars and ten cents ($1,683,239.10)

Trustee:    U.S. Department of the Interior
Amount:    One hundred eighty-four thousand, five hundred seventeen dollars and fifty-nine cents ($184,517.59)

Payments to NOAA and the U.S. Department of the Interior shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures.  Payment shall be made in accordance with instructions provided to Defendant by the Financial Litigation Unit of the U S. Attorney's Office of the Western District of Washington.  Any payments received by the Department of Justice after 4:00 p.m. Eastern Standard Time shall be credited on the next business day.  Defendant shall provide at least five days notice to the Financial Litigation Unit before making the transfer.

Payments to the other Trustees shall be made by certified checks, bearing the notation "The Boeing Company – Lower Duwamish Waterway Assessment Costs" in the amounts indicated and made payable and addressed as follows:

Trustee:    State of Washington
Amount:    Fifty-four thousand two hundred ninety-one dollars and seventeen cents ($54,291.17)
Payee:     State of Washington/Department of Ecology
Address:   State of Washington
           Department of Ecology
           Attention: Fiscal Office
           P.O. Box 47611
           Lacey, WA 98504-7611

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

1

Trustee:      Suquamish Tribe
Amount:       Twenty-one thousand one hundred thirty-seven dollars
2             ($21,137)
Payee:        Suquamish Tribe
3   Address:      Melody Allen
              Suquamish Tribe
4             Legal Department
              P.O. Box 498
5             Suquamish, WA 98392-0498

6       32.     At the time of each payment Defendant will send notice that payment

7   has been made to the Trustees and DOJ in accordance with Section XXIII

8   (Notices and Submissions).  Such notice will reference Lower Duwamish

9   Waterway NRDA, DOJ case number 90-11-3-7227/1, and the civil action number.

10

11          XII. FUND FOR PERMANENT STEWARDSHIP OF PROJECT SITE

12      33.     Within forty-five (45) days of receipt from the Trustees of written

13   authorization to commence construction of the Project pursuant to Paragraph

14   14(a), Defendant shall make a payment in the total amount of three hundred sixty

15   thousand dollars ($360,000) to fund permanent stewardship of the Project.  Prior

16   to authorizing commencement of construction, the Trustees shall petition the

17   Court to establish the Lower Duwamish Waterway Stewardship Account for use

18   as the Trustees shall determine, in accordance with the terms of this Consent

19   Decree and other applicable law, to permanently maintain and manage the project

20   sites, including protection of their ecological values.  Payment shall be deposited

21   with the Registry of the Court by EFT if the Registry of the Court accepts

22   payment in that form, and if not, by certified check, bearing the notation "The

23   Boeing Company – Stewardship Account" and the civil action number assigned to

24   this Consent Decree, made payable and addressed as follows:

25          Payee:        Clerk of the Court
          Address:      Clerk, U.S. District Court
26                        U.S. Courthouse
                        700 Stewart Street
27                        Seattle, WA 98101

28

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

Memo:      For Deposit into the Lower Duwamish Waterway Stewardship Account [INSERT THIS CASE DOCKET NUMBER]

Defendant shall send photocopies of each check and any transmittal letter to: Chief; Environmental Enforcement Section, Department of Justice, P.O. Box 7611, Ben Franklin Station, Washington, D.C. 20044; and to Laurie Lee, NOAA Office of General Counsel, 501 W. Ocean Blvd., Suite 4470, Long Beach, CA, 90802.  Any funds paid pursuant to this Paragraph that are not utilized by the Trustees to fund permanent stewardship of the project sites may be applied by the Trustees toward one or more additional habitat restoration projects in the Lower Duwamish Waterway.

## XIII. FAILURE TO MAKE TIMELY PAYMENTS

34.      If Defendant fails to make any payment under Paragraphs 30, 31, or 33 by the required due date, interest shall be assessed at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year in accordance with 42 U S.C. § 9607(a).  The applicable rate of interest is the rate in effect at the time the interest accrues.  The rate of interest is subject to change on October 1 of each year.  Interest on late payments shall accrue beginning on the date of entry of the Consent Decree through the date on which the payment is made.

## XIV. DISPUTE RESOLUTION

35.      Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree.

36.      Any dispute which arises under or with respect to this Consent Decree shall in the first instance be the subject of informal negotiations between the Trustees and Defendant.  The period for informal negotiations shall not exceed twenty-one (21) days from the time the dispute arises, unless the parties to the dispute agree otherwise in writing.  The dispute shall be considered to have arisen

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

1   when the Trustees send Defendant a written notice specifying the nature of the

2   dispute and requested relief ("Notice of Dispute") or Defendant sends the Trustees

3   a written Notice of Dispute.

4          37.     a.      If the Parties cannot resolve a dispute by informal negotiations

5   under the preceding Paragraph, then the position advanced by the Trustees shall

6   be considered binding unless, within twenty-one (21) days after the conclusion of

7   the informal negotiation period, Defendant invokes the formal dispute resolution

8   procedures of this Section by serving on the Trustees a written Statement of

9   Position on the matter in dispute, including, but not necessarily limited to, any

10  factual data, analysis or opinion supporting that position and any supporting

11  documentation relied upon by Defendant.

12                 b.      Within twenty-one (21) days after receipt of Defendant's

13  Statement of Position, the Trustees shall serve on Defendant their written

14  Statement of Position, including, but not necessarily limited to, any factual data,

15  analysis or opinion supporting that position and all supporting documentation

16  relied upon by the Trustees.

17                 c.      An administrative record of the dispute shall be maintained by

18  the Trustees and shall contain all Statements of Position, including supporting

19  documentation, submitted pursuant to this Section.

20                 d.      The Defendant and the Trustees each shall identify a Formal

21  Dispute Resolution Representative, who shall meet to discuss the matter in dispute

22  at the earliest available opportunity and who will meet and work in good faith to

23  resolve the matter in dispute.  If the Parties fail to resolve the dispute within

24  twenty-one (21) days after the initial meeting of the Formal Dispute Resolution

25  Representatives, then the position advanced by the Trustees in their Statement of

26  Position shall be considered binding upon Defendant, subject to any agreements

27  the Formal Dispute Resolution Representatives may have reached on one or more

28

CONSENT DECREE                          -27-

1   issues.  In such event, the Trustees shall within five (5) days of the conclusion of

2   the formal dispute resolution process notify Defendant in writing that the formal

3   dispute resolution process has concluded.  Defendant may seek judicial review of

4   the Trustees' Statement of Position (as modified by any agreements the Formal

5   Dispute Resolution Representatives may have reached) pursuant to the following

6   Subparagraph.

7      e.  Any matter in dispute shall be reviewable by this Court,

8   provided that a motion for judicial review of the decision is filed by Defendant

9   with the Court and served on all Parties within twenty-one (21) days of receipt of

10  the Trustees' letter notifying Defendant of the conclusion of the formal dispute

11  resolution process.  The motion shall include a description of the matter in dispute

12  (including both Statements of Position), the efforts of the parties to resolve the

13  dispute, the relief requested, and the schedule, if any, within which the dispute

14  must be resolved to ensure orderly implementation of this Consent Decree.  The

15  Parties shall jointly move the Court to establish a schedule under which the

16  Plaintiffs file a response to Defendant's motion within twenty-one (21) days of

17  receipt of the motion, and Defendant file a reply brief within five (5) business

18  days of receipt of the response.  If the Court does not grant the motion for such a

19  schedule, then the Parties shall file the response and reply in accordance with the

20  schedule set forth in the Local Rules for the Western District of Washington.

21     f.  The Court may rule based on the administrative record, with or

22  without oral argument, and shall review Trustees' Statement of Position or its

23  resolution of the dispute under the standards of Administrative Procedures Act.

24     g.  The foregoing notwithstanding, the Parties acknowledge that

25  disputes may arise that require resolution on an expedited basis.  In such cases, the

26  Parties shall agree on an expedited schedule or, absent prompt agreement, either

27

28

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

1  Defendant or the Trustees may petition the Court for the imposition of an

2  expedited schedule.

3      38.    The invocation of formal dispute resolution procedures under this

4  Section shall not extend, postpone, or affect in any way any obligation of the

5  Defendant under this Consent Decree, not directly in dispute, unless the Trustees

6  or the Court agree otherwise.  Stipulated penalties with respect to the disputed

7  matter shall continue to accrue, but payment otherwise required under Section XV

8  shall be stayed pending resolution of the dispute.  Notwithstanding the stay of

9  payment, stipulated penalties shall continue to accrue from the first day of

10  noncompliance with any applicable provision of this Consent Decree.  In the event

11  that the Defendant does not prevail on the disputed issue, stipulated penalties shall

12  be assessed and paid as provided in Section XV (Stipulated Penalties).

13                          XV. STIPULATED PENALTIES

14      39.    The Parties stipulate that the time period for implementing the

15  Project is a significant factor in the settlement reached in this Decree and that

16  delay in carrying out the activities required in this Decree may diminish the

17  compensatory value attributable to those activities.  Consequently, in the event

18  that Defendant fails to meet a requirement in this Decree (subject to any

19  modifications agreed to under Section XXVII) and any delay is not excused

20  through operation of the provisions of Section XVI (Force Majeure), Defendant

21  shall, as a stipulated penalty, increase the financial contributions it makes under

22  this Consent Decree to fund habitat restoration actions, over and above any

23  payments required elsewhere under this Consent Decree, as follows:

24          a.    For each week Defendant fails to comply with any requirement

25  in the Decree, Defendant shall pay a stipulated penalty in the amount of $1,000.

26  Where the delay extends beyond the second week, the stipulated penalty shall

27  apply to each additional day of delay for each such missed requirement.  For

28

CONSENT DECREE                    -29-

purposes of this Subparagraph, a week shall equal a continuous period of seven days.  Nothing in this Decree prevents the simultaneous accrual of separate penalties for separate violations of this Decree.

        b.     All penalties shall begin to accrue on the day after the complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of the correction of the noncompliance or completion of the activity.  Following the Trustees' determination that Defendant has failed to comply with a requirement of this Consent Decree, the Trustees may give Defendant written notification of the same and describe the noncompliance.  The Trustees may send the Defendant a written demand for the payment of the penalties.  However, penalties shall accrue as provided in the preceding Paragraph regardless of whether the Trustees have notified Defendant of a violation.

        c.     All payments to the Trustees under this Paragraph will be deposited with the Registry of the Court by EFT if the Registry of the Court accepts payment in that form, and if not, by certified check.  This payment will be deposited in the Lower Duwamish Waterway Account.  At the time of each payment, Defendant will send notice that payment has been made to the Trustees and DOJ in accordance with Section XXIII (Notices and Submissions).  This notice will reference Lower Duwamish Waterway NRDA, DOJ Case Number 90-11-3-07227/1, and the civil action number.

        d.     All penalties accruing under this Section shall be due and payable within 30 days of the Defendant's receipt from the Trustees of a demand for payment of the penalties, unless Defendant invokes the Dispute Resolution procedures under Section XIV (Dispute Resolution).

        e.     Defendant may dispute the Trustees' right to the penalties identified under Subparagraph a above by invoking the procedures of Section XIV (Dispute Resolution).

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

The payment of penalties shall not alter in any way Defendant's obligation to complete the performance of the Work required under this Consent Decree.

40.     Penalties shall continue to accrue as provided in Paragraph 39(b) during any dispute resolution period, but need not be paid until the following:

a.     If the dispute is resolved by agreement or by a decision of the Trustees that is not appealed to this Court, accrued penalties determined to be owing shall be paid to the Trustees within 15 days of the agreement or the receipt of the Trustees' decision or order;

b.     If the dispute is appealed to this Court and the Trustees prevail in whole or in part, Defendant shall pay all accrued penalties determined by the Court to be owed to the Trustees within 60 days of receipt of the Court's decision or order, except as provided in Subparagraph c below;

c.     If the District Court's decision is appealed by any Party, Defendant shall pay all accrued penalties determined by the District Court to be owing to the Trustees into an interest-bearing escrow account within 60 days of receipt of the Court's decision or order.  Penalties shall be paid into this account as they continue to accrue, at least every 60 days.  Within 15 days of receipt of the final appellate court decision, the escrow agent shall pay the balance of the account to the Trustees or to Defendant to the extent that they prevail.

41.     If Defendant fails to pay stipulated penalties when due, the Trustees may institute proceedings to collect the penalties, as well as interest.  Defendant shall pay Interest on the unpaid balance, which shall begin to accrue on the date of demand made pursuant to Paragraph 39(d).

42.     If the Trustees bring a motion or a separate action in court to enforce this Decree and prevail, the Trustees shall be entitled to recover from the Defendant their reasonable costs of such motion or action, including but not limited to costs of attorney time.

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

43.     Payments made under this Section are in addition to any other remedies or sanctions available to Plaintiffs by virtue of Defendant's failure to comply with the requirements of this Decree.

44.     Notwithstanding any other provision of this Section, Plaintiffs may, in their unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Decree.  Payment of stipulated penalties does not excuse Defendant from payment as required by Sections VII, X, XI, or XII or from performance of any other requirement of this Consent Decree.

45.     The Trustees may use sums paid as stipulated penalties under Paragraph 39 to pay unreimbursed damage assessment costs and to fund or contribute to additional actions to restore Lower Duwamish Waterway natural resources.

## XVI. FORCE MAJEURE

46.     "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Defendant (including Defendant's contractors and sub-contractors, and any other entity controlled by Defendant) that delays or prevents the performance of any obligation under this Consent Decree despite Defendant's best efforts to fulfill the obligation.  The requirement that Defendant exercises "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and use best efforts to address the effects of any potential force majeure event (1) as it is occurring and (2) following the potential force majeure event, such that the delay is minimized to the greatest extent possible.  "Force majeure" does not include financial inability to fulfill the obligation.  The requirement that Defendant exercises "best efforts to fulfill the obligation" also includes, where necessary, the filing of legal actions to compel contract performance in accordance with the design and schedule approved by the Trustees herein.

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

47.    a.    If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, Defendant shall notify the Trustees within 14 days of when Defendant first knew that the event might cause a delay.  Within 30 days thereafter, Defendant shall provide a written explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; and the rationale for attributing such delay to a force majeure event (if Defendant intends to assert such a claim).  Defendant shall include with any notice all available documentation supporting its claim that the delay was attributable to a force majeure event.  Failure to comply with the above requirements will preclude Defendant from asserting any claim of force majeure for that event.

b.    If the Trustees agree that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event will be extended by the Trustees for such time as is necessary.  An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any other obligation.  If the Trustees do not agree that the delay or anticipated delay has been or will be caused by a force majeure event, the Trustees will notify Defendant in writing of their decision.

c.    If Defendant elects to invoke the dispute resolution procedures set forth in Section XIV, above, regarding a claimed force majeure event it shall do so no later than 30 days after receipt of the Trustees' notice of disagreement. In any such proceeding Defendant shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will likely be caused by a force majeure event, that the duration of the delay or the

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

1  extension sought was or will be warranted under the circumstances, that

2  Defendant exercised best efforts to fulfill the obligation in question, that best

3  efforts were exercised to avoid and mitigate the effects of the delay, and that

4  Defendant complied with the requirements of this Paragraph.  If Defendant carries

5  this burden, the delay at issue shall be deemed not to be a violation by Defendant

6  of the affected obligation of this Consent Decree.

7  <center>XVII. INDEMNIFICATION; INSURANCE</center>

8      48.    a.    Plaintiffs do not assume any liability by entering into this

9  Consent Decree.  Defendant shall indemnify and hold harmless each of the

10  Plaintiffs and/or their agents, employees and representatives from any and all

11  damage claims or causes of action arising from negligent or other wrongful acts or

12  omissions of Defendant and/or its officers, employees, agents, contractors,

13  subcontractors, representatives and any persons acting on its behalf or under its

14  control in carrying out activities pursuant to this Consent Decree.  Further,

15  Defendant agrees to pay the Plaintiffs all reasonable costs they incur, including

16  but not limited to attorneys fees and other expenses of litigation and settlement,

17  arising from or on account of claims made against the Plaintiffs based on

18  negligent or other wrongful acts or omissions of Defendant or its officers,

19  employees, agents, contractors, subcontractors, representatives and any persons

20  acting on its behalf or under its control, in carrying out activities pursuant to this

21  Consent Decree.  None of the Plaintiffs shall be held out as a party to any contract

22  entered into by or on behalf of Defendant in carrying out activities pursuant to this

23  Consent Decree.  Neither Defendant nor any contractor or representative of

24  Defendant shall be considered an agent of any Plaintiff, and Defendant shall

25  require any contractor hereafter retained by Defendant who performs work for

26  Defendant in carrying out activities pursuant to this Consent Decree to

27  affirmatively acknowledge that it is not acting as an agent of any Plaintiff.

28

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

b.      Plaintiffs shall give Defendant written notice of any claim for which one or more Plaintiff plans to seek indemnification pursuant to Paragraph 48(a), and shall consult with Defendant (including, but not limited to, responding to Defendant's reasonable requests for information regarding any proposed settlement of that claim) prior to settling such claim.

49.      Defendant waives all claims against Plaintiffs for damages or reimbursement or for set-off of any payments made or to be made to Plaintiffs, arising from or on account of any contract, agreement, or arrangement between Defendant and any person for performance of activities pursuant to this Consent Decree, including, but not limited to, claims on account of construction delays.  In addition, Defendant shall indemnify and hold harmless Plaintiffs with respect to any and all claims for damages or reimbursement arising from or on account of any contract, agreement, or arrangement between any Defendant and any person for performance of activities pursuant to this Consent Decree, including, but not limited to, claims on account of construction delays.

50.      No later than 15 days before commencing any work on the Project Site, Defendant shall cause to be maintained comprehensive general liability insurance and automobile liability insurance with limits of $10,000,000 (ten million dollars), combined single limit.  The Trustees shall be named additional insureds on any such policies with respect to all liability arising out of the activities performed by or on behalf of Defendant pursuant to this Consent Decree.  In addition, for the duration of this Consent Decree Defendant shall satisfy, or shall ensure that their contractors or subcontractors satisfy, all applicable laws and regulations regarding the provision of worker's compensation insurance for all persons performing any work involved in implementing this Consent Decree.  No later than 15 days before commencing any work involved in implementing this Consent Decree, Defendant shall provide to the Trustees

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

1   certificates of such insurance.  Upon request, the United States Department of

2   Justice may examine any such insurance policies at Defendant's corporate

3   headquarters in Chicago, Illinois, for the limited purpose of verifying that such

4   insurance policies provide the coverage required by this Consent Decree.  The

5   Department of Justice will not copy the insurance policies during its review;

6   however, in the event of a dispute regarding the adequacy of such insurance

7   policies, Defendant will provide a confidential copy of the disputed policies to the

8   Court and to the Department of Justice.  Following the resolution of any such

9   dispute, the copies provided will be destroyed or returned to Defendant.

10  Defendant shall resubmit such certificates each year on the anniversary of the

11  effective date of this Consent Decree.  If Defendant demonstrates by evidence

12  satisfactory to the Trustees that any contractor or subcontractor maintains

13  insurance equivalent to that described above, or insurance covering the same risks

14  but in a lesser amount, then, with respect to that contractor or subcontractor,

15  Defendant need provide only that portion of the insurance described above that is

16  not maintained by the contractor or subcontractor.

17                     XVIII. COVENANT NOT TO SUE BY PLAINTIFFS

18          51.     Except as specifically provided in Section XIX (Reservations of

19  Rights) below, Plaintiffs covenant not to sue or to take administrative action

20  against Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a);

21  Chapter 70.l05D RCW; Section 311 of the Clean Water Act (CWA), 33 U.S.C. §

22  1321; or Section 1002(a) of the Oil Pollution Act of 1990 (OPA), 33 U.S.C. §

23  2702(a), to recover Covered Natural Resource Damages.  This covenant not to sue

24  will take effect upon Defendant's complete payment of costs pursuant to Section

25  X (Reimbursement of Restoration Oversight Costs), Section XI (Reimbursement

26  of Past Costs), and Section XII (Fund for Permanent Stewardship of Project Site)

27  and continue in effect conditioned upon the satisfactory performance by

28

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

1  Defendant of its obligations under this Consent Decree.  This covenant not to sue

2  extends only to Defendant and its heirs, successors and assigns, and does not

3  extend to any other person.

4  XIX. RESERVATIONS OF RIGHTS

5  52.    Plaintiffs reserve, and this Consent Decree is without prejudice to, all

6  rights against Defendant with respect to all matters not expressly included within

7  the Covenant Not to Sue by Plaintiffs in Paragraph 51.  Notwithstanding any other

8  provision of this Consent Decree, the Plaintiffs reserve all rights against

9  Defendant with respect to:

10  a.    liability for costs of response incurred or to be incurred by

11  Plaintiffs under any federal or State statute;

12  b.    liability for damages to natural resources (including

13  assessment costs) as defined 42 U.S.C. §§ 9601(6 & 16) that are not expressly

14  included within the Covenant Not to Sue by Plaintiffs in Paragraph 51;

15  c.    liability for damages to natural resources (including

16  assessment costs) as defined 42 U.S.C. §§ 9601(6 & 16) within the Lower

17  Duwamish Waterway or Elliott Bay resulting from new releases of Waste Material

18  from Defendant's operations after the effective date of this Consent Decree, or

19  resulting from the Defendant's transportation, treatment, storage, or disposal, or

20  the arrangement for the transportation, treatment, storage, or disposal of Waste

21  Material at or in connection with the Site, after signature of this Consent Decree;

22  d.    liability for injunctive relief or administrative order

23  enforcement under any federal or State statute;

24  e.    liability for costs incurred or to be incurred by the Agency for

25  Toxic Substances and Disease Registry in or regarding the Lower Duwamish

26  Waterway or Elliott Bay;

27

28

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

f.      additional claims for Covered Natural Resource Damages if conditions, factors or information in the Lower Duwamish Waterway or Elliott Bay, not known to the Trustees as of the effective date, are discovered that, together with any other relevant information, indicate that there is a threat to the environment, or injury to, destruction of, or loss of natural resources of a type unknown, or of a magnitude significantly greater than was known, at the time of entry of this Consent Decree, which is attributable to the Defendant (for purposes of this Subparagraph, information known to the Trustees shall consist of any information in the files of, or otherwise in the possession of, any one of the individual Trustees, or their contractors or consultants who worked on the Trustees' natural resource damages assessment and liability allocation projects);

g.      criminal liability to the United States or State; and

h.      claims in this action or in a new action based on a failure of the Defendant to satisfy the requirements of this Consent Decree.

## XX. COVENANT NOT TO SUE BY DEFENDANT

53.     Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, the State, the Suquamish Tribe, and the Muckleshoot Indian Tribe, or their contractors or employees, relating to Covered Natural Resource Damages.  Defendant reserves, and this Consent Decree is without prejudice to, all rights with respect to all matters not expressly included within this Covenant Not to Sue, including all rights with respect to all matters reserved in Section XIX.

## XXI. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

54.     Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this decree may have under applicable law.  Each of

CONSENT DECREE                    -38-

the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action they each may have with respect to any matter, transaction, or occurrence relating in any way to the Lower Duwamish Waterway against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional relief (including response action, response costs, and natural resource damages) and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

55.     The Parties agree, and by entering this Consent Decree this Court finds, that this settlement constitutes a judicially-approved settlement for purposes of Section 113(f)(2), and that Defendant is entitled, as of the effective date of this Consent Decree, to protection from contribution actions or claims as provided by CERCLA Section 1l3(f)(2), 42 U.S.C. § 96l3(f)(2), and RCW 70.105D.040(4)(d), or as may be otherwise provided by law, for Covered Natural Resource Damages; provided, however, that if the Plaintiffs exercise their rights under the reservations in Section XIX, other than in Paragraphs 52(g) (criminal liability) and 52(h) (failure to satisfy a requirement of this Consent Decree), the contribution protection afforded by this Consent Decree will no longer include those matters that are within the scope of the exercised reservation.

56.     Defendant agrees that it will notify the Trustees and the United States in writing no later than 60 days before bringing a suit or claim for contribution for Covered Natural Resource Damages.  Defendant also will notify the Trustees of any settlement of its claims (regardless of whether the claim is filed or unfiled) for contribution for Covered Natural Resource Damages.  Defendant also agrees that it will notify the Trustees and the United States in writing within 10 days of service of a complaint or claim upon Defendant relating to a suit or claim for

CONSENT DECREE                    -39-

contribution for Covered Natural Resource Damages.  In addition, Defendant will notify the Trustees and the United States within 10 days of service or receipt of any Motion for Summary Judgment and within 10 days of receipt of any order from a court setting a case for trial for matters related to this Decree.

57.    In any subsequent administrative or judicial proceeding initiated by the Plaintiffs for injunctive relief, recovery of response costs, or other appropriate relief other than Covered Natural Resource Damages, Defendant shall not assert, nor may it maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the Plaintiffs in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Paragraphs 51 and 53.

XXII. RETENTION OF RECORDS

58.    Until 10 years after the Defendant's receipt of the Trustees' notification pursuant to Paragraph 15, Defendant shall preserve and retain all non-identical copies of records and documents (including records or documents in electronic form) now in its possession or control or which come into its possession or control that relate in any manner to its liability under CERCLA with respect to the Lower Duwamish Waterway.  Defendant must also retain, and instruct its contractors and agents to preserve, for the same period of time specified above all non-identical copies of the last draft or final version of any documents or records (including documents or records in electronic form) now in its possession or control or which come into its possession or control that relate in any manner to the performance of the Project, provided, however, that Defendant (and its contractors and agents) must retain, in addition, copies of all data generated during the performance of the Work and not contained in the aforementioned documents

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

required to be retained.  Each of the above record retention requirements shall apply regardless of any corporate retention policy to the contrary.

59.     At the conclusion of this document retention period, Defendant shall notify the Trustees at least 90 days prior to the destruction of any such records or documents, and, upon written request by the Trustees, Defendant shall deliver any such non-privileged records or documents to the Trustees.  Defendant may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Defendant asserts such a privilege, it shall provide the Plaintiffs with the following:  (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Defendant.  However, no documents, reports or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

60.     Defendant hereby certifies individually that, to the best of its knowledge and belief, after a reasonable inquiry that fully complies with the Federal Rules of Civil Procedure, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information (other than identical copies) relating to its potential liability regarding the Site since notification of potential liability by any Trustee.

## XXIII. NOTICES AND SUBMISSIONS

61.     Whenever notice is required to be given or a document is required to be sent by one Party to another under the terms of this Decree, it will be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.  Written

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

notice as specified constitutes complete satisfaction of any written notice

requirement of the Decree for Plaintiffs and Defendant

As to the United States and as to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(DJ #90-11-3-07227/1)

Michael J. Zevenbergen
U.S. Department of Justice
c/o NOAA/Damage Assessment
7600 Sand Point Way, NE
Seattle, WA  98115

As to NOAA:

Laurie Lee
NOAA Office of General Counsel
501 W. Ocean Blvd., Suite 4470
Long Beach, CA.  90802

As to the United States Department of the Interior:

Barry Stein
U.S. Department of the Interior
Office of the Solicitor
805 S.W. Broadway, Suite 600
Portland, OR  97205

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

Jeff Krausmann
U.S. Fish & Wildlife Service
510 Desmond Dr. SE, Suite 102
Lacey, WA 98503-1263

<u>As to the State</u>:

Craig Thompson
Toxics Cleanup Program
State of Washington
P.O. Box 47600
Olympia, WA 98504-7600

<u>As to the Suquamish Tribe</u>:

Melody Allen
Suquamish Tribe
Legal Department
P.O. Box 498
Suquamish, WA 98392-0498

<u>As to the Muckleshoot Indian Tribe</u>:

Mr. Rob Otsea
Office of the Tribal Attorney
Muckleshoot Indian Tribe
39015 172nd Avenue S.E.
Auburn, WA 98002

<u>As to Boeing</u>:

Steven E. Rusak
The Boeing Company
MC 7A-XP
P.O. Box 3707
Seattle, WA  98124-2207

Mark W. Schneider
Perkins Coie LLP
1201 Third Ave., Suite 4800
Seattle, WA  98101-3099

## XXIV. EFFECTIVE DATE

62.     The effective date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court, except as otherwise provided herein.

CONSENT DECREE                        -43-

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

# XXV. RETENTION OF JURISDICTION

63.     This Court retains jurisdiction over both the subject matter of this Consent Decree and the Parties for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms, or to resolve disputes in accordance with Section XIV (Dispute Resolution) hereof.

# XXVI. INTEGRATION/APPENDICES

64.     This Decree and its appendices constitute the final, complete, and exclusive agreement and understanding with respect to the settlement embodied in this Decree.  The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Decree.  The terms "Consent Decree" and "Decree" as used herein include the appendices to this Consent Decree, unless expressly indicated to the contrary.  The following appendices are attached to and incorporated into this Consent Decree:

Appendix A          Boeing Habitat Project Scope of Work

Appendix B          Project Site deed restrictions

# XXVII. MODIFICATION

65.     No material modifications shall be made to any requirement under this Consent Decree without written notification to and written approval of the United States Department of Justice and the Trustees, Defendant and the Court. Modifications to this Consent Decree exclusive of the appendices incorporated within that do not materially alter the terms of this Consent Decree may be made by written agreement between the United States Department of Justice, the Trustees and Defendant. Modifications to any of the appendices to this Consent

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

Decree that do not materially alter any of the terms of this Consent Decree may be made by written agreement between the Trustees and Defendant.

## XXVIII. ENFORCEMENT

66.    The requirements of this Consent Decree, including but not limited to deadlines, schedules and Project designs, are independently enforceable.  Any delay or failure of the Trustees to enforce any requirement will not preclude or prejudice the subsequent enforcement of the same or another requirement.

## XXIX.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

67.    This Decree will be lodged with the Court for a period of not less than 30 days for public notice and comment.  The Plaintiffs each reserve the right to withdraw or withhold their consent if the comments regarding the Decree disclose facts or considerations that indicate this Decree is inappropriate, improper, or inadequate.  Defendant consents to the entry of this Decree without further notice.

68.    If for any reason this Court does not approve this Decree in the form presented, this Decree may be voided at the sole discretion of any Party, and the terms of the agreement may not be used as evidence in any litigation among the Parties.

## XXX.  TERMINATION

69.    When all actions required under Section VII have been taken and all payments required under Sections X, XI, and XII have been made, the parties may move to partially terminate this Consent Decree.  Notwithstanding the previous sentence, the following provisions of this Decree shall survive any motion for termination: Paragraphs 20 and 21of Section VII; Section VIII ("Access to Information and Project Site"); Section XIV ("Dispute Resolution"); Section XVIII ("Covenant Not to Sue by Plaintiffs"); Section XIX ("Reservations of Rights"); Section XX ("Covenant Not To Sue by Defendant"), Section XXI

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

("Effect of Settlement; Contribution Protection"); and Section XXV ("Retention of Jurisdiction").

## XXXI. SIGNATORIES/SERVICE

70.     The Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice and each undersigned representative of the State, the Suquamish Tribe, the Muckleshoot Indian Tribe and Defendant certifies that he or she is authorized to enter into the terms and conditions of this Decree and to execute and bind legally the Party that he or she represents to this document.

71.     Defendant agrees not to oppose entry of this Decree by this Court or to challenge any provision of this Decree unless any Plaintiff has notified Defendant in writing that it no longer supports entry of the Decree.

72.     Defendant will identify on the attached signature page the name and address of an agent who is authorized to accept service of process by mail on behalf of it with respect to all matters relating to this Decree.  Defendant agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to service of a summons.  Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Decree.

## XXXII. FINAL JUDGMENT

73.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States, the State, the Suquamish Tribe, the Muckleshoot Indian Tribe, and Defendant.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

1    SO ORDERED THIS <u>14</u> DAY OF <u>DECEMBER 2010</u>.

2

3

4

5    RICARDO S. MARTINEZ
     UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

Signature Page for Consent Decree regarding the Lower Duwamish Waterway

**FOR THE UNITED STATES OF AMERICA:**

Date: _____     _____
                       IGNACIA S. MORENO
                       Assistant Attorney General
                       Environment & Natural Resources Division
                       U.S. Department of Justice
                       Washington, D.C.  20530

Date: _____     _____
                       MICHAEL J. ZEVENBERGEN
                       Senior Counsel
                       Environmental Enforcement Section
                       Environment & Natural Resources Division
                       U.S. Department of Justice
                       c/o NOAA Damage Assessment
                       7600 Sand Point Way, NE
                       Seattle, Washington 98115

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

1    Signature Page for Consent Decree regarding the Lower Duwamish Waterway

2

3  **FOR THE BOEING COMPANY:**

4

5

6  Date: _____

7                          _____
                           STEVEN SHESTAG
                           Director of Enterprise Remediation
8                          The Boeing Company

9

10  Date: _____

11                         _____
                           STEVEN E. RUSAK
                           Counsel for Environment, Health and Safety
                           Office of the General Counsel
12                         The Boeing Company

13

14

15  Date: _____

                           _____
                           MARK W. SCHNEIDER
16                         Perkins Coie LLP
                           1201 Third Ave., Suite 4800
17                         Seattle, WA 98101-3099

18

19

20

21

22

23

24

25

26

27

28

CONSENT DECREE                    -49-

Signature Page for Consent Decree regarding the Lower Duwamish Waterway

**FOR THE STATE OF WASHINGTON:**

Date: _____        _____
                          Ted Sturdevant
                          Director
                          Department of Ecology

Date: _____       _____
                          Nels Johnson
                          Assistant Attorney General
                          State of Washington

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

1    Signature Page for Consent Decree regarding the Lower Duwamish Waterway

2

3    **FOR THE SUQUAMISH TRIBE:**

4

5

6    Date:  _____          _____

7                                Leonard Forsman
                                Chairman
8                                Suquamish Tribe
                                Post Office Box 498
                                Suquamish, Washington 98392

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U. S. DEPARTMENT OF JUSTICE
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

Signature Page for Consent Decree regarding the Lower Duwamish Waterway

**FOR THE MUCKLESHOOT INDIAN TRIBE:**

Date: _____        _____
                        Charlotte Williams
                        Chairperson
                        Muckleshoot Indian Tribe
                        39015 172nd Ave. S.E.
                        Auburn, WA 98092-9763

CONSENT DECREE                    -52-